George E. **DUDLEY**, Receiver for Insurance Investors Trust Company, a Kentucky corporation, Louisville, Kentucky

v.

**SOUTHEASTERN FACTOR AND FINANCE CORPORATION**, a Georgia corporation, et al.

**Civ. A. No. 13241.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 22, 1972.

Grizzard, Jones, Parker & Simons, Atlanta, Ga., Handmaker, Weber & Meyer, Louisville, Ky., for plaintiff.

Gallalee, Denniston & Edington, Mobile, Ala., and Wiggins & Smith, Atlanta, Ga., for plaintiff-intervenor Edington, etc.

Ivan A. Ezrine, New York City, for Atlantic Services.

McDonald, Mills & Chasteen, Fitzgerald, Ga., for Kimball.

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for the McDaniels.

A. D. Malkin, pro se.

Stack, O'Brien & Neely, Atlanta, Ga., for Carondelet and Southeastern Factor.

Daniel P. Matthews, pro se.

Long & Pierce, Atlanta, Ga., for the Reynoldses.

John K. Dunlap, Atlanta, Ga., for Moskovitz.

Caldwell, Bridges & Page, Thomaston, Ga., for Norris.

Wheeler & Blaisdell, Decatur, Ga., for Bryan.

Bruce W. Skinner, pro se.

Leon Slaughter, pro se.

## ORDER

EDENFIELD, District Judge.

Plaintiff, as receiver for the Insurance Investors Trust Company ["IITC"], b: ought this action for damages and equitable relief against two groups of defendants. The first group consists of Southeastern Factor and Finance Corporation ["SEFAF"], Atlantic Services, Inc., and certain officers, directors, major stockholders, and controlling persons of SEFAF and Atlantic. The second group consists of six major shareholders and controlling persons of SEFAF who were named both in their individual capacities and as representatives of a class of all shareholders of SEFAF. In his complaint plaintiff alleges that the first group of defendants defrauded IITC by adopting a plan of liquidation for SEFAF pursuant to which preferred shares of Atlantic Services, Inc. owned by SEFAF were distributed to the common shareholders of SEFAF while nothing was ever distributed to IITC, a preferred shareholder of SEFAF. The Fifth Circuit held that plaintiff had standing to sue in this court as a "seller" of securities under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1970) and its enabling rule, Rule 10b–5, 17 C.F.R. § 240.10b–5 (1972). Dudley v. Southeastern Factor & Finance Corp., 446 F.2d 303 (5th Cir.), cert. denied, 404 U.S. 858, 92 S.Ct. 109, 30 L.Ed.2d 101 (1971).

In an order filed June 16, 1972 in this case the court observed that it was probable plaintiff created a defendant class to be represented by the second group of defendants solely for recovery purposes. Since the complaint alleges that common shareholders of SEFAF were unjustly enriched by the number of preferred shares of Atlantic Services, Inc. stock they received to which IITC, as a preferred shareholder, was entitled, it appeared that plaintiff interposed all shareholders of SEFAF as class defendants in order to be able to reclaim from

them IITC's allegedly rightful portion of that stock or its monetary equivalent. At a hearing held on the class action issue September 28, 1972, all parties agreed with the court's definition of the proposed class action. However, questions were raised at that hearing as to the adequacy of representation of the proposed class, and the court ordered more briefs and took the matter under advisement.

■ Of the six members of the second group of representative defendants only one, Ernestine McDaniel, has counsel. Nevertheless, Mrs. McDaniel's counsel is both able and experienced, and the court is satisfied that class representation by Mrs. McDaniel and her counsel would fairly and adequately protect the interests of the class. Since Mrs. McDaniel is not named in the first group of defendants who allegedly defrauded IITC by devising the liquidation plan, she sits in this suit only as a potential recovery vehicle for plaintiff, which is exactly how the 500 or more members of the proposed class sit. The questions of law or fact which pertain to Mrs. McDaniel are the same as those which pertain to the proposed class and the defenses available to Mrs. McDaniel are typical of those available to the class. The class action device is the best method of handling plaintiff's claim against the shareholders of SEFAF.

Thus plaintiff has met the requirements of Rule 23(a) and Rule 23(b)(3), Fed.R.Civ.P., and the court defines the defendant class as all present and former shareholders of SEFAF who received preferred shares of stock in Atlantic Services, Inc. pursuant to the SEFAF liquidation plan. Should plaintiff prevail on the merits, those members of the defendant class who still own their Atlantic stock may be called upon to relinquish part or all of it, while those members who have already disposed of their Atlantic stock may be called upon to give appropriate restitution.

■ Under Rule 23(c)(2), Fed.R. Civ.P., the court must direct notice of the class action to the members of the defendant class. Generally, the burden of providing such notice is cast upon the plaintiff when the plaintiff is the representative party. Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 568 (2d Cir. 1968); Buford v. American Finance Co., 333 F.Supp. 1243 (N.D.Ga.1971). However, several courts have suggested that the casting of this burden is discretionary. Katz v. Carte Blanche Corp., 53 F. R.D. 539, 545 (W.D.Pa.1971); Eisen v. Carlisle & Jacquelin, 52 F.R.D. 253, 269–272 (S.D.N.Y.1971); Berland v. Mack, 48 F.R.D. 121, 130–133 (S.D.N.Y. 1969).

■ In the present case Mrs. McDaniel has not sought her representative role and has, indeed, vigorously opposed the maintenance of a class action. Although the court has concluded that a class action may be maintained, it sees no reason to make Mrs. McDaniel bear the burdens of managing it, especially since plaintiff, rather than Mrs. McDaniel, stands to benefit from this form of action. This is not to say, however, that plaintiff will be barred from recovering the costs of providing class action notice should he prevail on the merits. See Katz v. Carte Blanche Corp., supra; Eisen v. Carlisle & Jacquelin, supra; Berland v. Mack, supra.

At the September 28 hearing, the court also considered objections to the motion of Robert S. Edington, judicial agent for First American Life Insurance Company of Alabama ["First American"], to intervene in this case on the side of plaintiff. The motion had been granted by the court subject to objections in an order filed August 21, 1972. In August 1966 IITC transferred to First American some of the preferred stock it owned in SEFAF. According to the complaint filed by Mr. Edington, the SEFAF liquidation plan ignored First American in the same way it ignored IITC, and First American, too, was de-

frauded of its investment. Mr. Edington claims, in his amended complaint, that he could not and did not discover the alleged fraud until November 1968.

Rule 24(a), Fed.R.Civ.P., allows a party, upon timely application, to intervene as a matter of right

" . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

■ First American, through its judicial agent, claims virtually the same interest in this litigation as IITC. Should First American be denied the right to intervene, its ability to protect its interest would be impaired whether plaintiff prevailed or not. If plaintiff prevailed, defendants' assets might be depleted before First American had a chance to reach them. If plaintiff did not prevail, First American, which claims an interest in the very same property and very same transactions, would be faced with a damaging precedent. Under these circumstances the motion to intervene should be granted if it was timely filed. Atlantis Development Corp. v. United States, 379 F.2d 818 (5th Cir. 1967).

There are two questions with respect to the timeliness of Mr. Edington's motion. First, the complaint in this case was filed November 10, 1969. According to some of the defendants, First American has long been aware of this suit but has simply neglected to intervene until now. Second, some of the defendants contend that the applicable limitations period in this suit is four years, and they claim that First American's cause of action arose no later than October 31, 1967, in which case it should be barred.

■ The determination as to whether an application to intervene is timely is a matter within the discretion of this court and among the factors that should be taken into account are the circumstances contributing to the delay in the filing of the motion to intervene and the extent to which this delay has prejudiced the parties. Smith Petroleum Service, Inc. v. Monsanto Chemical Co., 420 F.2d 1103 (5th Cir. 1970).

■ According to the motion to intervene, First American was itself involved in complex federal and state litigation at the time the instant suit was filed. In addition, First American went into receivership and was placed under the supervision of Judge Joseph M. Hocklander of the Circuit Court of Mobile County, Alabama, who apparently was hesitant to allow Mr. Edington, as judicial agent for First American, to intervene in this suit until the outcome of the other litigation was in sight. Meanwhile, this court entered an order on June 22, 1970 dismissing the instant suit for failure to state a claim under federal law. That order was appealed, however, and eventually reversed. An order making the mandate of reversal the judgment of this court was not entered until November 23, 1971. The court assembled the parties for a status check on February 9, 1972, at which point the class action issue was considered. A further hearing on the class action issue was held March 8, 1972, at which time also a discovery schedule was discussed. Mr. Edington's involvement in other litigation on behalf of First American subsided by then, and he petitioned Judge Hocklander for permission to intervene in this suit on June 8, 1972. Permission was granted June 26, 1972, and the motion to intervene was filed August 1, 1972. Mr. Edington states that he can plug into the present discovery schedule and that he does not need to catch up since his claims are virtually the same as those of plaintiff. Defendants have not pointed to any prejudice

that they have suffered as a result of the delayed motion, and the court perceives none. Under all the circumstances the court concludes that the delay in the filing of the motion to intervene has not caused it to be untimely within the meaning of Rule 24(a).

The statute of limitations question is a bit more involved. Section 10(b) of the Securities Exchange Act of 1934 does not have its own statute of limitations and all the federal courts which have considered the matter have held that the limitation period in a Section 10(b) action must be derived from state law. E. g., Aboussie v. Aboussie, 441 F.2d 150 (5th Cir. 1971).[1] With the exception of a recent decision by the Eighth Circuit, the courts have also uniformly held that since a Section 10(b) action is similar to a common law fraud action the state limitation period for fraud actions should be applied in Section 10(b) cases. Mitchell v. Texas Gulf Sulphur Co., 446 F.2d 90 (10th Cir.), cert. denied, 404 U.S. 1004, 92 S.Ct. 734, 30 L.Ed.2d 558 (1971); Morgan v. Koch, 419 F.2d 993 (7th Cir. 1969); Janigan v. Taylor, 344 F.2d 781 (1st Cir.), cert. denied, 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965); Fratt v. Robinson, 203 F.2d 627 (9th Cir. 1953); Fischman v. Raytheon M'fg. Co., 188 F. 2d 783 (2d Cir. 1951); Stevens v. Abbott, Proctor & Paine, 288 F.Supp. 836 (E.D.Va.1968); Connelly v. Balkwill, 174 F.Supp. 49 (N.D. Ohio 1959), aff'd. per curiam, 279 F.2d 685 (6th Cir. 1960); Tobacco & Allied Stocks v. Transamerica Corp., 143 F.Supp. 323 (D.Del.1956), aff'd. per curiam, 244 F. 2d 902 (3d Cir. 1957). The Eighth Circuit held that the state limitation period which best effectuates federal policy should be selected in Section 10(b) cases, and it endorsed the selection of a state "blue sky" limitation period of two years. Vanderbroom v. Sexton, 422 F.2d 1233 (8th Cir.), cert. denied, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970).

The Fifth Circuit has not explicitly adopted the majority rule. In Azalea Meats, Inc. v. Muscat, 386 F.2d 5 (5th Cir. 1967), a Section 10(b) case, the district court observed that either of two state statutes of limitation might apply —one for fraud and one for actions upon a liability created by statute—both of which carried limitation periods of three years. The district court held, however, that the case was an action upon a liability created by statute and ruled that it was barred because it had not been commenced within the three-year period. The district court went on, in dicta, to observe that even if the case were construed as a fraud action it would have been barred because plaintiff had been placed on notice as to the facts constituting the alleged fraud more than three years before the action was commenced. The court made this observation on the basis of depositions, documents, and affidavits filed in the case, and it granted summary judgment to defendants. Azalea Meats, Inc. v. Muscat, 246 F.Supp. 780 (S.D.Fla.1965), rev'd., *supra.*

The Fifth Circuit noted that:

" . . . [T]he district court recognized that either of the two limitation periods could apply but expressed a preference for the former. Whether the present action is characterized as one upon a liability created by statute, on the one hand, or one for relief on the ground of fraud, on the other, is really immaterial for the end result would be the same. It is important, however, to note, though gratuitously, that conceptually the gravamen of an

---

1. Professor Loss makes the argument that, analytically, it might make more sense to apply one of the limitation periods contained in the Securities Act of 1933 or other sections of the Securities Exchange Act of 1934. 6 L.Loss, Securi-

ties Regulation 3898–3900 (Supp.1969). Although one court has referred to this proposition, Schaefer v. First Nat'l. Bank of Lincolnwood, 326 F.Supp. 1186, 1189, n. 1 (N.D.Ill.1970), no court yet has adopted it.

action brought under section 10(b) of the Securities Exchange Act of 1934 is fraud and that a state statute of limitations should not be permitted to narrow the filing time available under a broadly remedial federal act to a period less than the one available for commencing a similar common-law action." 386 F.2d at 8.

The Fifth Circuit proceeded to hold that the district court erred in disposing by summary judgment of plaintiff's contention that the action was grounded on fraud and that plaintiff could not have discovered the fraud until a date which fell within the three-year limitation period. It reversed and remanded for the development of a more complete factual record on those contentions.

Although it was disputed in *Azalea* whether the limitation period expired prior to the commencement of the action if the action were construed as one grounded on fraud, it was undisputed that the limitation period expired prior to the commencement of the action if the action were construed as one grounded upon a liability created by statute. If the Fifth Circuit had agreed with the district court's explicit holding that the action was one grounded upon a liability created by statute, it would have been bound to affirm. However, instead of reversing that holding the Fifth Circuit by-passed it and appears to have characterized the dicta in the district court's opinion relating to fraud as an alternative holding. It was this "alternative holding" that the Fifth Circuit reversed for the reason that it had been reached by summary judgment. Taken as a whole, then, *Azalea* is fully comprehensible only if it is read as establishing the rule that the *minimum* limitation period in a Section 10(b) case

is that which corresponds to the state's limitation period for common law fraud actions but that longer state limitation periods may also be applied if appropriate.[2]

■ In the present case, Mr. Edington contends that his complaint may be construed as an action to enforce rights accruing to individuals under a statute —Section 10(b)—and that Georgia law, Ga.Code Ann. § 3–704 (1962), provides a 20-year limitation period for such actions. Defendants contend that Mr. Edington's complaint, like plaintiff's, is grounded on fraud, and that Georgia law, Ga.Code Ann. § 3–1002 (1962), provides a four-year limitation period for such actions which they claim has already expired as to Mr. Edington. Since the limitation period suggested by Mr. Edington is longer than the one for fraud actions, it may be applicable in this case, if the court's understanding of *Azalea* is correct.

The court concludes, however, that the Georgia 20-year limitation statute does not apply to Section 10(b) actions. Cases dealing with earlier but virtually identical versions of Ga. Code Ann. § 3–704 have held that it applies only to special legislative statutes and acts of incorporation which confer rights upon particular individuals or a particular class of individuals and not to statutes which deal with the personal legal rights of the public at large. Hendryx v. E. C. Atkins & Co., 79 F.2d 508 (5th Cir. 1935); Williams v. Clemons, 178 Ga. 619, 173 S.E. 718 (1934); Bigby v. Douglas, 123 Ga. 635, 51 S.E. 606 (1905). In Anderson v. Anderson, 23 F.2d 331 (N.D.Ga.1927), aff'd, per curiam, 28 F.2d 1007 (5th Cir. 1928), the court dealt with a negligence suit brought against the director of a failed

**2.** It is interesting to note that in Aboussie v. Aboussie, *supra*, 156 n. 11, the Fifth Circuit characterized that portion of *Azalea* which dealt with the use of the state limitation period for fraud actions as dicta and cited, without approval *or* disapproval, the opinion of the Eighth Circuit in *Vanderbroom* which endorsed the use of a state "blue sky" limitation period. This lends some support to the court's conclusion that the Fifth Circuit has not formally adopted the majority rule.

184

national bank. The director's defense was that the cause of action accrued more than four years prior to the commencement of the suit and that it was therefore barred because of the Georgia four-year limitation period for negligence suits. Plaintiff contended that a federal statute provided that every director who participated in or assented to a violation of the national banking law would be held liable in his personal and individual capacity for all damages sustained as a consequence of such violation. He claimed that his suit was founded, in part, upon this statute, and that the Georgia 20-year limitation period for suits to enforce rights accruing under a statute should apply. The court held that the suit was not properly founded on the federal statute. It added, however, that even if the suit had been properly founded on the federal statute the 20-year limitation period would not apply because that period applies only if the statute involved is a special enactment which creates liability in favor of particular individuals. Since the federal statute involved was a broad one creating liability in favor of all persons damaged, the 20-year limitation period would not apply to an action founded upon it.

The reasoning in *Anderson* applies to actions brought under Section 10(b) as well, and the special 20-year limitation period does not apply. Since the complaint in the present case is most nearly akin to a complaint of fraud, the four-year limitation period applies.

 In this Circuit the borrowed state statute of limitations in a Section 10(b) case begins to run when the plaintiff has actual knowledge or notice of facts which in the exercise of due diligence would have led to actual knowledge of the alleged fraud. Aboussie v. Aboussie, *supra*. In his amended complaint Mr. Edington claims First Ameri-

can did not know and could not have known of defendants' alleged fraud until November 1968. If this is true Mr. Edington's intervention is within the four-year limitation period. Since for purposes of judging the satisfaction of the conditions for intervention of right the well pleaded allegations of the proposed complaint are taken as true, Stadin v. Union Electric Co., 309 F.2d 912 (8th Cir. 1962), cert. denied 373 U.S. 915, 83 S.Ct. 1298, 10 L.Ed.2d 415 (1963), the intervention is not barred by the statute of limitations and the motion is not untimely.[3]

Finally, the law firm of Long & Pierce has requested to be stricken as counsel of record for defendants Charles I. Reynolds and Margaret W. Reynolds, and Joseph R. Manning, Esquire, on behalf of himself and the former law firm of Stokes, Manning & Boyd, has requested to be stricken as counsel of record for defendant SEFAF and defendant Carondelet Financial Corporation. In both instances Local Rule 1(g) has been satisfied. Accordingly, the requests will be granted.

For the foregoing reasons:

(1) The motion of Robert S. Edington to intervene on the side of plaintiff in the above-styled case stands granted.

(2) It is hereby determined that this case may proceed as a class action. The class shall be represented by defendant Ernestine McDaniel and shall consist of all present and former shareholders of Southeastern Factor and Finance Corporation, who received preferred shares of stock in Atlantic Services, Inc. under the SEFAF liquidation plan.

(3) Plaintiff and plaintiff-intervenor shall, within ten days of today, file with this court a proposal for the form and manner of notice to be provided to the class members and shall serve a copy thereof upon defendants. Defendants may file any objections to the proposal

---

3. The teaching of *Azalea* is that Mr. Edington's claim concerning discovery of the alleged fraud should not be disposed of prior to the development of a complete factual record. Under the circumstances of the case this factual development may be postponed until trial.

with this court within five days thereafter, and shall serve copies of any such objections upon all other parties. Plaintiff and plaintiff-intervenor may file and serve any corrections or counterobjections within five days thereafter.

(4) At the expiration of twenty days from today the Clerk of the Court shall submit the notice proposals and all objections or corrections to the court for approval, and upon such approval plaintiff and plaintiff-intervenor shall bear the burden and expense of expeditiously promulgating the notice.

(5) The parties are directed to advise the court within ten days of today as to the progress of discovery in this case.

(6) The request of the law firm of Long & Pierce to be stricken as counsel of record for defendants Charles I. Reynolds and Margaret W. Reynolds, and the request of Joseph R. Manning, Esquire, on behalf of himself and the former law firm of Stokes, Manning & Boyd to be stricken as counsel of record for defendant Southeastern Factor and Finance Corporation and defendant Carondelet Financial Corporation, are granted.