**NEWBURGER, LOEB & CO., INC., as Assignee of Claims of David Buckley and Mary Buckley, Plaintiff,**

v.

**Charles GROSS et al., Defendants,**

**Newburger, Loeb & Co., a New York Limited Partnership, et al., Additional Defendants on Counterclaims.**

**No. 71 Civ. 685.**

United States District Court, S. D. New York.

March 21, 1974.

**398**

Herbert F. Roth, New York City, for plaintiff and additional defendants on counterclaims.

Philip Mandel, New York City, for movant, Jeanne Donoghue.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Movant Jeanne Donoghue, although not named as a defendant in the complaint, has nevertheless asserted a $75,000 "counterclaim" by denominating herself as a "defendant" in a joint answer served on her behalf and on behalf of all named defendants. Her standing having been attacked in various pleadings by this motion, Jeanne Donoghue seeks to establish her right to assert her counterclaim by either striking the said pleadings or by being permitted to intervene in the action pursuant to Fed.R. Civ.P. Rule 24(b).

Movant was a limited partner of defendant Gross & Co. (Gross), a brokerage firm, which ceased doing business in 1969 when she and its other partners became partners of plaintiff's predecessor Newburger Loeb (Newburger), movant becoming a limited partner of Newburger.

In this action, plaintiff Newburger, Loeb & Co., Inc. (Newburger, Inc.), corporate successor to Newburger, having been assigned the claim of one Buckley, brought suit against Gross and certain of its partners other than movant alleging damages in excess of $249,000 based on "churning" in Buckley's brokerage account at Gross prior to its partners becoming partners of Newburger. Movant's counterclaim alleges $75,000 damages by reason of plaintiff's failure to repay her her capital pursuant to provisions of the partnership agreement she entered into with Newburger at the time she became a limited partner.

Movant urges that hers is a permissible counterclaim either under New York law, citing Martinoff v. Triboro Roofing Co., 228 N.Y.S.2d 139 (Sup.Ct.N.Y.Co. 1962), or, because plaintiff, by treating her as a "defendant" in various stipulations, motions and orders subsequent to her assertion of the counterclaim, has waived the right to now object to her participation. Specifically, movant points out that plaintiff denominated her a "defendant" in three stipulations, in a brief and affidavit before the Court on a prior motion and in an order entered thereon, and noticed her deposition as a "defendant" in this action. However, the Court does not need to resolve the issue on those grounds, since the Court may, in its discretion, allow the movant to intervene pursuant to Rule 24(b) of the Fed.R.Civ.P. See Smith Petroleum Service, Inc. v. Monsanto Chemical Co., 420 F.2d 1103 (5th Cir. 1970); McCausland v. Shareholders Management Co., 52 F.R.D. 521 (S.D.N.Y.1971); Dudley v. Southeastern Factor and Finance Corp., 57 F.R.D. 177 (N.D.Ga. 1972).

In view of the background of the action, the relationship of the cross-allegations and the facts asserted in support of a "waiver", *supra*, the Court feels impelled to exercise its discretion in fa-

vor of the retention of the counterclaim which can be effected by way of movant's intervention *nunc pro tunc*. Accordingly, the motion is granted, intervention is allowed, and the various pleadings by both the plaintiff and the additional defendants on counterclaims attacking her standing, are stricken.