**LYNCH CORPORATION, an Indiana Corporation, Plaintiff,**

v.

**MII LIQUIDATING CO., et al., Defendants.**

No. CIV78–4036.

United States District Court, D. South Dakota, S. D.

June 13, 1979.

Michael F. Pieplow, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., and Gregory L. Curtner, of Miller, Canfield, Paddock & Stone, Detroit, Mich., for plaintiff.

Arlo Sommervold, of Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., Stephen Gehring, of Cline, Williams, Wright, Johnson & Oldfather, Lincoln, Neb., James P. Fitzgerald, of McGrath, North, O'Malley, Kratz, Dwyer, O'Leary & Martin, Omaha, Neb., and John E. Burke, Sioux Falls, S. D., for defendants.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

The plaintiff, Lynch Corporation, has brought this nine-count action against MII Liquidating Co. (formerly M-Tron Industries, Inc.), its Board of Directors, officers and shareholders, individually and in their official capacities. The plaintiff seeks to certify a group of shareholders as representatives of the class of all shareholders of M-Tron Industries, Inc., and the defendant shareholders have objected to such certification, particularly First-Mid-America, Inc., which holds the shares in "street name" only. This Court has previously denied a motion to dismiss brought by First Mid-America, Inc.

This Court held a hearing on the motion to certify a class of shareholders on March 13, 1979, after which both sides requested and were granted an opportunity to present additional briefs on the question. Consistent with FRCP 23(c)(1) and the briefing having been completed, the Court declares the following to be its decision in this matter.

In this action, Lynch seeks to certify a defendant class. A defendant class is an unusual, although not entirely novel concept. *Marchwinski v. Oliver Tyrone Corp.,* 81 F.R.D. 487, 489 (W.D.Pa.1979). My task is to inquire only whether the requirements of Rule 23 have been met, not whether the plaintiff will probably prevail on the merits. *See, e. g., Weathers v. Peters Realty Corp.,* 499 F.2d 1197, 1201 (6th Cir. 1974).

Defendant class actions are allowed by the language of Federal Rule of Civil Procedure 23 which states a party may "sue or *be sued*" in the class action form if certain prerequisites are met. Defendant class actions are not widely used except in cases of patent infringement. *See Note,* Defendant Class Actions, 91 Harvard L.Rev. 630 (1978).

Further, cases involving record owners ("street name") and beneficial owners in class certification have few precedents, and indeed involve "the making of new law". *In Re Franklin Nat. Bank Securities Litigation,* 574 F.2d 662, 669 (2d Cir. 1978).

In the present case, I am met with both of these circumstances, each with little authority, and I have carefully considered the plaintiff's motions and briefs in support of class action certification, and the motions and briefs by street name owner First Mid-America, Inc., and the other defendants in opposition to class certification.

## THE CERTIFICATION QUESTION

■ FRCP Rule 23 sets forth the requirements which must be met for class certification, making no distinction between plaintiff and defendant classes. The proposed defendant class must satisfy all the requirements of FRCP 23(a) and one of the requirements of FRCP 23(b). Defendants have objected to class certification on basically all grounds. *See also Sargent v. Genesco, Inc.,* 75 F.R.D. 79, 82 (M.D.Fla.1977). First Mid-America, Inc., also opposes class certification in its own behalf, stating that it has no interest in the litigation since it only held stock in "street name". This aspect of the case has caused the Court much concern, and I will deal with it later in this opinion.

### Rule 23(a)(1)—Numerosity

■ In order to satisfy the first prerequisite of Rule 23, the Court must find that the class is so numerous that joinder of all members is impracticable. The parties have represented that there are 290 shareholders residing in 16 different states. I am satisfied that the numerosity requirement is met.[1] Such determinations, as to the requirements of numerosity, commonality of issues and typicality, are well within this Court's "sphere of discretionary power". *Sperry Rand Corp. v. Larson,* 554 F.2d 868 (8th Cir. 1977).

### Rule 23(a)(2)—Commonality

■ In order to satisfy this prerequisite, there must exist "questions of law or fact common to the class". Neither the rule nor the Advisory Committee's Note attempt to define what a common question is. This Court feels that the language of the court in *Blackie v. Barrack,* 524 F.2d 891, 902 (9th Cir. 1975), *cert. denied* 429

1. *See* Moore's *Federal Practice,* vol. 3B section 23.05(1).

2. *See also Kronenberg v. Hotel Governor Clinton, Inc.,* 41 F.R.D. 42 (S.D.N.Y.1966), (holding that complaint praying for rescission of purchases of securities on ground of fraudulent inducement showed sufficient common questions of law and fact to permit class action to proceed subject to striking of class allegations

U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976), is applicable to my analysis:

> Confronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken the common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable, which is not defeated by slight differences in class members' positions, and that the issue may profitably be tried in one suit.

*See also Metge v. Baehler,* 77 F.R.D. 470, 474 (S.D.Ia.1978). The fact that the sellers (defendants) rather than the purchasers (plaintiffs) are sought to be certified in the present case is not significant to a 23(a)(2) determination.

At this stage of the proceedings, the allegations raise questions of law and fact common to the class members. Should conflicts or antagonism develop in the future, this Court may decertify the class or make other orders it deems proper. *Sperry Rand Corp. v. Larson,* 554 F.2d 868, 874 n. 9 (8th Cir. 1977).

Liability, if any, on the part of the proposed class will be based upon their status as shareholders. Each shareholder will have factual and legal theories in common with the other shareholders in this posture. Therefore, I am satisfied that the requirements of FRCP 23(a)(2) have been met.[2]

### Rule 23(a)(3)—Typicality

■ FRCP 23(a)(3) requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." *See Byrnes v. IDS Realty Trust, supra.*

if facts should reveal that the misrepresentations were so varied as to render class action unmanageable). Of course, such a motion could be made in the present case if events prove that the action is unmanageable. *See also Jenson v. Continental Financial Corp.,* 404 F.Supp. 806 (D.Minn.1975) (certifying class action); *Byrnes v. IDS Realty Trust,* 70 F.R.D. 608 (D.Minn.1976) (certifying class action).

The Court is satisfied that the defenses of the named *shareholders* as *shareholders* would be typical of the class of shareholders.

### Rule 23(a)(4)—Protection of interests

■ Finally, the named representatives must "fairly and adequately protect the interests of the class." Due process requires as much in a defendant class action. *See In Re Gap Stores Securities Litigation*, 79 F.R.D. 283 (N.D.Cal.1978); Note, Defendant Class Actions, 91 Harvard L. Rev. 630 (1978).

■ The representatives, as defined below, will adequately represent the interests of the below-defined class. *See Dudley v. Southeastern Factor and Finance Corp.*, 57 F.R.D. 177 (N.D.Ga.1972); Knepper, "Class Actions and the Liability of Corporate Officers and Directors", *For the Defense*, May 1979.

In *Dudley*, a class action against a defendant class of shareholders, the Court held that were the plaintiff to prevail on the merits, restitution might be in order. I note that restitution is one remedy sought against the shareholders as shareholders in the present action. This Court has determined that the requirements of Rule 23(a)(4) have been met in this case. It should be noted, however, that a favorable decision under Rule 23(a)(4) is not immutable. If later events demonstrate that the representatives are not adequately protecting the absentees, the court may take whatever steps it thinks necessary under Rule 23(c) or 23(d) at that time. Wright and Miller, *Federal Practice and Procedure* section 1765, n. 55.

Because of these reasons, I am satisfied that the requirements of FRCP 23(a) have been met. My next inquiry concerns the requirements of FRCP 23(b), one of which must be met in order to certify a proposed class action.

### Rule 23(b)—Requirements

Lynch argues that this action may be maintained as a class action under either Rule 23(b)(1)(B) or 23(b)(3).

Rule 23(b)(1)(B) reads:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: (1) the prosecution of separate actions by or against individual members of the class would create a risk of . . . (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Rule 23(b)(3) provides that a class action may be maintained if the prerequisites of Rule 23(a) are met and:

the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The Eighth Circuit Court of Appeals has stated that if a choice exists between class action certification under Rule 23(b)(1) and 23(b)(3), it is generally most proper to proceed under 23(b)(1) exclusively so there will be no inconsistent adjudication or compromise of class interests. *Reynolds v. National Football League*, 584 F.2d 280 (8th Cir. 1978). Therefore, I will examine 23(b)(1) certification first to see whether the proposed action may be certified under that rule.

■ The 1966 Advisory Committee Note to Rule 23(b)(1)(B) explained:

This clause takes in situations where the judgement in a nonclass action by *or against* an individual member of the class, while not technically concluding the other members, might do so as a practical matter. The vice of an individual action would lie in the fact that the other members of the class, thus practically concluded, would have no representation in the lawsuit.

This Court feels that any liability imposed upon the representative shareholders, *as shareholders*, would effectively foreclose the unnamed shareholders from defending their respective interests in another court. I also note that the defendant class members in this case are represented by qualified counsel and their interests are common with and not antagonistic toward their fellow class members. *See Neal v. System Board of Adjustment* (Mo.Pac.R.), 348 F.2d 722, 728 (8th Cir. 1965); *see generally* Wright and Miller, *Federal Practice and Procedure*, section 1770.

Therefore, I feel that certification of the defendant class is appropriate under FRCP 23(b)(1). I do not reach the FRCP 23(b)(3) certification question.

■ Fundamental to the concept of due process under our laws, however, is notice to parties who may be bound by the action. *See Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). I have carefully considered the notice problem as it affects the defendant class, whose members might be bound by the outcome.ᵛ Though FRCP 23(c)(2) only *requires* notice in cases maintained under FRCP 23(b)(3), subdivision (d)(2) of Rule 23 allows this Court in its discretion to provide for notice in other cases. Especially since the absent members of the defendant class could be bound by a ruling to make restitution in this case, I have determined that for their protection and for the fair conduct of the action, notice should be given of the action and of the opportunity of the members (a) to signify whether they consider the representation fair and adequate, (b) to intervene and present claims or defenses, and (c) to otherwise come into the action. FRCP 23(d)(2).

Further, the Court has been concerned with the cost of the notice.

In the present case, the defendant representatives have opposed the class certification vigorously. It does not seem fair to make the defendants pay for a class certification they oppose, when on the merits of the case they might have no liability. This Court feels that the reasoning in *Dudley v. Southeastern Factor and Finance Corp.*, 57 F.R.D. 177, 180 (N.D.Ga.1972), is persuasive:

> In the present case, Mrs. McDaniel [the defendant class representative] has . . vigorously opposed the maintenance of a class action. Although the court has concluded that a class action may be maintained, it sees no reason to make Mrs. McDaniel bear the burdens of managing it, especially since the plaintiff, rather than Mrs. McDaniel, stands to benefit from this form of action. This is not to say, however, that plaintiff will be barred from recovering the costs of providing class action notice should he prevail on the merits. [*Citing, i.e., Berland v. Mack*, 48 F.R.D. 121 (S.D.N.Y.1969).]

Consequently, I have determined that the plaintiff should bear the costs of notice to the shareholders in this action. I wish to emphasize that should the plaintiff prevail on the merits, I will entertain a motion for recovery of the costs of providing class action notice. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

### DEFINING THE CLASS

As I have indicated in my ruling on the motion to dismiss brought by First Mid-America, Inc., I cannot say that there is *no* state of facts under which the "street name" owner of stock *might* be liable. Therefore, I could not grant the motion to dismiss First Mid-America, Inc., at this point. If during the course of discovery facts develop which indicate that there is no liability on the part of First Mid-America, Inc., and other "street name" or "nominee name" holders, I would entertain a motion for summary judgment.

■ The foregoing, however, does not limit my inquiry into class certification of

First Mid-America, Inc., and other "street name" or "nominee name" stockholders, if any should exist. I have concluded that the class to be certified should consist of the *beneficial* owners of the securities are question. They are the ones who allegedly shared Lynch's purchase price at liquidation. They allegedly received the benefits, and they are properly the members of the class.

The problem of notice to the beneficial owners of "street name" record stock was succinctly addressed by Judge Medina of the Second Circuit Court of Appeals in *In Re Franklin National Bank Securities Litigation*, 574 F.2d 662 (2d Cir. 1978), involving a plaintiff class. In that case, the Court held that the named class representatives had to pay the expenses of compiling a list of the names and addresses of beneficial owners of stock held in street names. The Court held that mailing notices to the beneficial owners would satisfy the requirements of Rule 23, whereas mailing notices to "street name" record owners with a mere request to forward the class notice to the beneficial owners would be insufficient compliance. The "street name" holders in this case should provide a list of beneficial owners to the plaintiff so that the beneficial owners may be notified. The "street name" holders such as First Mid-America, Inc., are not dismissed from the action but will not be members of the class.