**FIRST AMERICAN CORPORATION, C. E. Waller and L. E. Waller, On Behalf of Themselves and On Behalf of All Other Shareholders of Georgia Factors, Inc., Similarly Situated, Plaintiffs,**

v.

**Walter G. FOSTER, Homer W. Wilson, Gladstone Sudderth, Ivy Spivey, J. Rollins Jolley, Southern Capital Corporation, First Capital Corporation and Georgia Factors, Inc., Defendants.**

Civ. A. No. 14145.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 30, 1970.

Dunaway, Shelfer, Haas & Newberry, Atlanta, Ga., for plaintiffs.

Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for defendants.

MOYE, District Judge.

## ORDER OF COURT

Pending before the Court are Defendants' Motion That This Suit Is Not Maintainable as a Class Action and To Dismiss, or as an Alternative to Dismissal, to Stay, and the Motion of Clarence E. Belcher and Richard A. Belcher to Intervene as plaintiffs.

## STATEMENT OF THE FACTS

Plaintiffs C. E. Waller and L. E. Waller and First American Corporation all bring this suit in their own right and as representatives of the other shareholders of Georgia Factors, Inc. (herein "Factors") against Factors, and the other named individuals and corporations. Plaintiffs Wallers were officers of Factors and were ousted on September 10, 1969, when the individual defendants in this suit were elected to office.

On March 13, 1970, Factors filed suit in Fulton Superior Court against the plaintiffs here and others seeking rescission of certain transactions and damages for fraudulent mismanagement. Plaintiffs here (defendants in Fulton Superior Court) counterclaimed for fraudulent mismanagement and unpaid salaries.

This suit was filed on September 4, 1970, alleging fraudulent waste and mismanagement and wasting of corporate assets such as would be a "fraudulent scheme" as prohibited by Section 10(b) of the Securities and Exchange Act of 1934, and seeking rescission of certain transactions. The complaint is in three counts, all based on the same alleged violations. Count one seeks recovery under Section 10(b) of the Securities and Exchange Act of 1934 and is the sole basis for federal jurisdiction. Counts two and three are brought under the court's pen-

dent jurisdiction, being common law counts for fraud and for conspiracy to defraud. Plaintiffs ask rescission of the allegedly fraudulent violations, appointment of a referee to manage Factors and punitive damages (a consent temporary restraining order has been entered, to remain in effect until an interlocutory hearing can be held).

## DEFENDANTS' MOTION THAT THIS SUIT IS NOT MAINTAINABLE AS A CLASS ACTION

Defendants allege that plaintiffs are not "representative parties (that) will fairly and adequately protect the interests of the class", because plaintiffs are "antagonistic" to the other shareholders of Factors, whom they purport to represent, and that plaintiffs "may have an ulterior motive, which would make it impossible to adequately represent the other stockholders". For these reasons, defendants assert, plaintiffs should not be allowed to maintain the suit as a class action.

■■ Defendants' allegation of antagonism between plaintiffs and other class members standing alone is not enough to require that the action not be allowed to proceed as a class action. Such antagonism as would defeat the representation of a class must be as to the subject matter of the suit. Redmond v. Commerce Trust Co., 144 F.2d 140 (8th Cir. 1944); cert. den., 323 U.S. 776, 65 S.Ct. 187, 89 L.Ed. 620 (1944). In addition, the fact that individual plaintiffs may have interests which go *beyond* the interest of the class, but are at least coextensive with the class interest, will not defeat the class. Such appears to be the case here.

■ Additionally, defendants assert that "Plaintiffs may have an ulterior motive, which would make it impossible for them to adequately represent the other stockholders." If at any time the Court feels that plaintiffs' representation of the class is less than adequate it is free to refuse to allow the action to continue as a class action, to require that additional plaintiffs be brought in if the action is to continue, or to use any number of other protective courses to insure adequate representation. Fed.R.Civ.Proc. 23(c) (1); Weisman v. MCA, Inc., 45 F.R.D. 258 (D.C.Del.1968). Thus, although the Court is interested in the adequacy of representation, and not the motive for such representation, should any "ulterior" motives of plaintiffs which are inimical to their ability to adequately represent the other shareholders become manifest, the Court is free to make appropriate adjustments.

■ Finally, in view of the flexibility of the procedures available to the Court to assure the adequate representation envisioned by rule 23.1, the decision must be in favor of allowing the action to continue as a class action. As the Second Circuit stated, in what is probably the lead case interpreting the new rule 23,

"* * * (T)he dismissal *in limine* of a particular proceeding as not a proper class action is justified only by a clear showing to that effect and after a proper appraisal of all the factors enumerated on the face of the rule itself. * * * The dismissal of the suit out of hand for lack of proper representation in a case such as this is too summary a procedure and cannot be reconciled with the letter and spirit of the new rule." Eisen v. Carlisle & Jacquelin, 391 F.2d 555, at 563 (2d Cir. 1968). *Accord,* Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968). *See also,* Proposed Rules of Civil Procedure, Advisory Committee's Notes, 39 F.R.D. 69, at 98.

## DEFENDANTS' MOTION TO DISMISS

The second part of defendants' motion is that the suit be dismissed for lack of subject matter jurisdiction and for failure to state a claim. Defendants allege that there was no causal relationship be-

tween the alleged nondisclosure in solicitation of the proxy material, and no reliance on that material, and that because of this there is no violation of Section 10(b).

In support of their contentions defendants urge the case of O'Neill v. Maytag, 339 F.2d 764 (2d Cir. 1964). *O'Neill* refused to extend Rule 10b–5 to cover more than a breach of general fiduciary duty in the absence of deception.

The Second Circuit cases which follow *O'Neill* clearly show the trend to expansion of the classes of cases which come under Rule 10b–5 and which seriously undercut the authority of *O'Neill.* Vine v. Beneficial Finance Company, 374 F.2d 627 (2d Cir. 1967); A. T. Brod & Co. v. Perlow, 375 F.2d 393 (2d Cir. 1967). *Brod* held "* * * that § 10(b) and Rule 10b–5 prohibit *all* fraudulent schemes in connection with the purchase or sale of securities, whether the artifices employed involve a garden type variety of fraud, or present a unique form of deception." (emphasis in original). A. T. Brod & Co. v. Perlow, 375 F.2d 393, at 397 (2d Cir. 1967). This view is only strengthened by the case of Schoenbaum v. Firstbrook, 405 F.2d 215 (2d Cir. 1968) (en banc), cert. den. Manley v. Schoenbaum, 395 U.S. 906, 89 S.Ct. 1747, 23 L.Ed.2d 219 (1969). It is clear that the court has jurisdiction over the claims under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. Section 78j(b), and rule 10b–5, 17 C.F.R. Section 240, and that plaintiffs do state a claim upon which relief can be granted. The motion to dismiss is denied.

### DEFENDANTS' MOTION TO STAY

Finally defendant asks that this court invoke its discretionary power and stay this case pending the decision in the case in Fulton Superior Court.

It is apparent that the issues joined in the Fulton suit and this suit, as well as the parties there and here, are substantially short of identical, and de-

fendants have shown no compelling reason why this court should refrain from the exercise of its jurisdiction.

Professor Wright says that there are at least four distinguishable lines of cases involving abstention doctrines, saying:

"Thus abstention is variously recognized: (1) to avoid decision of a federal constitutional question where the question may be disposed of on questions of state law; (2) to avoid needless conflict with the administration by a state of its own affairs; (3) to leave to the states the resolution of unsettled questions of state law; and (4) to ease the congestion of the federal court docket." C. Wright, Law of Federal Courts (1970 Hornbook Ed.) 196.

None of those reasons cited are present here, much less compelling. The motion to stay is denied.

### MOTION OF C. E. AND R. A. BELCHER TO INTERVENE

The application for intervention was filed on October 13, 1970, and there has been no opposition thereto. It appears that Clarence E. Belcher and Richard A. Belcher, as shareholders of Factors will broaden the representation of plaintiff, and that they are entitled to intervene of right. Fed.R.Civ.Proc. 24 (a) (2). The intervention is allowed.