**Sandra Lynn BUCHA et al., Plaintiffs,**

v.

**ILLINOIS HIGH SCHOOL ASSOCIA-TION et al., Defendants.**

**No. 72 C 378.**

United States District Court,
N. D. Illinois, E. D.

Nov. 15, 1972.

Aviva Futorian, Martha M. Jenkins, Chicago, Ill., for plaintiffs.

John G. Poust, James T. Harrington, Wayne F. Plaza, Chicago, Ill., for defendants.

## MEMORANDUM OPINION and JUDGMENT ORDER

AUSTIN, District Judge.

### I. FACTS.

Plaintiffs are two female students at Hinsdale Center Township High School

who were excluded from trying out for and participating on the school's interscholastic swimming team solely because of their sex. They allege that this discrimination is necessitated by the rules of the Illinois High School Association (the "IHSA"), which is an unincorporated association of approximately 790 Illinois high schools that regulates interscholastic sports among its members. Three IHSA by-laws are challenged in this action. The first is a rule prohibiting member schools from conducting interscholastic swimming competition for girls. Since the commencement of this suit that by-law has been amended to allow interscholastic swimming meets for girls,[1] but those contests are subject to the second challenged by-law, which places limitations on girls' athletic contests that are not applicable to those available to the boys.[2] Moreover, it is asserted that the girls' contests are purposely conducted in a manner that emphasizes intramural, multi-sport activities which are devoid of the concentration and competitive emphasis that is characteristic of boys' extracurricular sports. Finally, plaintiffs challenge a recent amendment to the IHSA by-laws which completely prohibits competition between members of the opposite sex.

Defendants herein are the IHSA, its directors, and the Board of Education of Hinsdale Township. Plaintiffs seek to maintain this as a class action on behalf of themselves and all other female high school students who wish to participate in interscholastic swimming. They ask this court to declare that the challenged IHSA rules violate the equal protection clause of the fourteenth amendment and the prohibition against a deprivation of federal rights under color of law contained in 42 U.S.C. § 1983 (1970). Further, they request this court to enjoin the enforcement of the challenged by-laws and the conduct of all interscholastic swimming contests until the named plaintiffs are permitted to qualify on the same basis as boys. Finally, they seek a judgment against all defendants in the amount of $25,000. This court finds that it has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3) & (4), 2201, and 2202 (1970). For the reasons stated below, this court finds that a class action may be maintained in the instant case, but grants summary judgment in favor of all defendants.

## II. CLASS ACTION.

In bringing this suit on behalf of the class of all girls who want to participate in interscholastic swimming competition, plaintiffs urge that they represent both those girls of exceptional ability who might wish to compete against boys as members of presently all-boy teams and those girls of similar or lesser ability who wish to participate in an interscholastic program that is separate from but equal to the boys' competition. Defendants question the propriety of allowing the named plaintiffs to represent this class because they are exceptional athletes whose interests necessarily exceed those of the average member of the class. Defendants also point to the affi-

1. By-law A–II–14 as amended states:

No school belonging to this Association shall permit girls to participate in interscholastic athletic contests with the following specific exceptions: Interscholastic contests in archery, badminton, bowling, fencing, golf, gymnastics, swimming, tennis and track and field may be permitted, and sports days may be held in basketball, field hockey, soccer, softball and volleyball provided: that each sport included in sports days is taught by a girls' physical education teacher as part of the girls' physical education curriculum and intramural program; that no girl shall participate in more than one sport at any sports day; that no school shall be permitted to enter girls in more than four sports days in the same sport during a school year; and that all such athletic contests and sports days be conducted under the rules prescribed by the Illinois League of High School Girls' Athletic Associations.

2. The restrictions applicable only to girls include a prohibition on organized cheering, a one dollar limitation on the value of awards, and a prohibition on overnight trips in conjunction with girls' contests.

davits of certain women coaches and swimmers, which were submitted in conjunction with an earlier motion for a preliminary injunction and which raised objections to the notion that girls should be permitted to become members of presently all-boy teams.

■ The objections to plaintiffs' standing to represent their class are not well taken. Although these two girls might have an interest in becoming members of presently all-boy teams, they also have an interest in seeking the development of a "separate but equal" program for themselves and other girls. Indeed, the present lawsuit might never have been brought if such a program had been available to them. Moreover, the fact that the named plaintiffs have interests which exceed those of some class members will not defeat the class action, so long as they possess interests which are coextensive with those of the class. First American Corp. v. Foster, 51 F.R.D. 248 (N.D.Ga.1970). Further, the fact that some members of a class might like the status quo will not defeat a claim on behalf of the class to redress a denial of equal protection. Moss v. Lane Co., 50 F.R.D. 122 (W.D.Va.1970). Therefore, this court finds that the named plaintiffs will adequately represent all the members of their class.

## III. DEFENDANTS' MOTIONS TO DISMISS.

■ Separate motions to dismiss were filed by the defendant Board of Education and by the IHSA and its directors. Since both make essentially identical substantive arguments, they will be considered together. Furthermore, both parties have previously submitted affidavits in conjunction with the earlier hearing on the motion for a preliminary injunction. These affidavits and the factual allegations of the complaint will be considered by this court in disposing of defendants' motions. When affidavits previously on file with the court adequately explore the factual circumstances of a case and there is no genuine issue of material fact, the court may properly treat a motion to dismiss as a motion for summary judgment under Rule 56. Fed.R.Civ.Proc. 12(b); Thompson v. New York Central Railroad Co., 361 F.2d 137 (2d Cir. 1966). As will be discussed later, the complaint and affidavits are not in conflict as to any of the material facts needed to decide this case, for it is not denied that the high school interscholastic sports program for girls differs in some respects from that open to boys. Rather, the real dispute lies in the legal question of whether that difference in treatment has some rational relationship to a valid state objective. Hence, this case is ripe for disposition by summary judgment.

Defendants make basically three arguments on their behalf. First, they say that the IHSA and the Board of Education are not persons within the meaning of 42 U.S.C. § 1983 (1970). Second, it is asserted that the challenged discrimination is not an action under color of state statute, ordinance, regulation, custom, or usage. Third, defendants argue that the challenged discrimination does not constitute a deprivation of a right guaranteed by the Constitution and laws of the United States.

A. *Defendants Are Persons Within §* *1983 and Act Under Color of State Law,* *Custom, or Usage.*

■ With respect to the claim that the IHSA and the Board of Education are not persons under § 1983, it is well-settled in this circuit and elsewhere that a political subdivision is not a person when pecuniary damages are sought. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Yumich v. Cotter, 452 F.2d 59 (7th Cir. 1971); Ries v. Lynskey, 452 F.2d 172 (7th Cir. 1971); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970). *But see* Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), cert. granted, District of Columbia v. Carter, 404 U.S. 1014, 92 S.Ct. 683, 30

L.Ed.2d 661 (1972). On the other hand, it is also clear that political subdivisions may properly be enjoined pursuant to § 1983. Butts v. Dallas Independent School District, 436 F.2d 728 (5th Cir. 1971); Reed v. Nebraska School Activities Association, 341 F.Supp. 258 (D. Neb.1972). High school athletic associations, such as the IHSA, have been treated as persons for injunctive purposes under § 1983 when they act under color of state law, custom, or usage. Mitchell v. Louisiana High School Athletic Association, 430 F.2d 1155 (5th Cir. 1970); Oklahoma High School Athletic Association v. Bray, 321 F.2d 269 (10th Cir. 1963); Reed v. Nebraska School Activities Association, *supra*. Therefore, all defendants may properly be enjoined as persons under § 1983, but only the individual defendants can be liable for the damages sought.

■ Defendants' second argument, that they have not acted under color of state law or custom, has been made only by the IHSA and its directors. They assert that the IHSA is a private voluntary association, which neither exists by any authority of the State of Illinois nor acts pursuant to any statute in fulfilling its functions. Hence, it is contended that the acts of the IHSA do not amount to state action and cannot be reached under § 1983. However, much less than statutory authority has been held sufficient to constitute state action. Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); Adams v. Miami Police Benevolent Association, Inc., 454 F.2d 1315 (5th Cir. 1972), cert. denied 409 U.S. 843, 93 S.Ct. 42, 34 L.Ed.2d 82 (Oct. 10, 1972); Mitchell v. Louisiana High School Athletic Association, *supra*; Oklahoma High School Athletic Association v. Bray, *supra*; Reed v. Nebraska School Activities Association, *supra*. The fact that many members of the IHSA are tax supported, public institutions which cannot violate the rights of their students without being subject to judicial review, *e. g.*, Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969), and the fact that many IHSA sporting events are conducted in facilities constructed, operated, and maintained at taxpayer expense is sufficient involvement to constitute state action under § 1983. Wellsand v. Valparaiso Community Schools Corp., No. 71 H 122(2) (N.D. Ind. Sept. 7, 1971).*

**B. *Plaintiffs Have Not Been Denied Equal Protection.***

■ When dealing with an alleged denial of equal protection, it is necessary first to define the nature of the right asserted. Plaintiffs claim that they have been denied the opportunity to compete in interscholastic swimming on an equal basis with boys solely because of their sex. The denial manifests itself both in the rule prohibiting competition between members of the opposite sex and in the restrictions applicable to girls' contests that are not applicable to boys'. Defendants state that plaintiffs exaggerate the differences between the two programs. However, this dispute is not material because the constitutional issues can be resolved even if it is assumed that plaintiffs' description of the girls' program is entirely correct. The relevant inquiry here is whether the challenged classification is rational, Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), and this court finds that it is rational even under plaintiffs' description of the facts.

■ ■ Of course, it is clear that participation in interscholastic athletics is not a right guaranteed by the Constitution or laws of the United States. Mitchell v. Louisiana High School Athletic Association, *supra*, at 1157. Nor will the courts of the State of Illinois interfere with the policies of the IHSA in the absence of evidence that it acted "unreasonably, arbitrarily, or capriciously." Robinson v. Illinois High School Association, 45 Ill.App.2d 277, 286, 195 N.E.2d 38, 43 (1963), cert. denied, 379 U.S. 960, 85 S.Ct. 647, 13 L.Ed.2d 555

---

* Editorial note: Order subsequently vacated because of death of plaintiff, rendering issue moot.

(1965). But, plaintiffs have not asserted that they have a constitutional right to participate in interscholastic athletics. Rather, they assert the right to equal educational opportunity, Brown v. Board of Education, 347 U.S. 483, 495, 74 S.Ct. 686, 98 L.Ed. 873 (1954), and the right to equal treatment regardless of sex absent the demonstration of a compelling state interest, Sail'er Inn, Inc. v. Kirby, 5 Cal.3d 1, 95 Cal.Rptr. 329, 485 P.2d 529 (1971). Yet even under this formulation of their claim plaintiffs must fail.

In analyzing an alleged denial of equal protection the Supreme Court has utilized basically two tests depending on the type of interest involved. *See generally* Developments In the Law EQUAL PROTECTION, 82 Harv.L.Rev. 1065 (1969). The traditional test is often found stated in economic regulation cases and consists of a two-part inquiry that first identifies the purposes or objectives of a legislative scheme and then asks whether the challenged discrimination bears a rational relationship to one of those purposes. E. g., Royster Guano Co. v. Virginia, 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920). The second test, that of the compelling state interest, need not concern us here because in Reed v. Reed, *supra*, the Supreme Court applied the traditional standard when dealing with a statute that gave preference to men over women when granting letters of administration in cases of intestacy. Implicit in that holding is that sex is not an inherently suspect classification. Nor can it be said that the economic interest of Illinois high school girls in participating in interscholastic sports is any greater than that of the women in Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L. Ed. 163 (1948), where the Court upheld a Michigan statute which denied bartending licenses to all women except the wives or daughters of male bar owners. Therefore, mindful of Justice Holmes' statement in Quong Wing v. Kirkendall, 223 U.S. 59, 63, 32 S.Ct. 192, 193, 56 L. Ed. 350 (1912), that "the 14th Amendment does not [create] a fictitious equality where there is a real difference," the scope of this court's inquiry shall hereafter be confined to a determination of whether there exists a rational relationship between the purposes of the IHSA's athletic programs and the challenged discrimination based on sex.

High school interscholastic sports are properly a part of a school's overall educational program because they promote an interest in athletics and thereby encourage the students to participate in activities that benefit them physically and mentally. Clearly, both boys and girls benefit from participation in athletics, so it is appropriate to note at this point that this case does not deal with the total absence of a girls' athletic program. Rather, what is questioned is a matter of degree and professional judgment, that is, given the uncontroverted existence of a statewide athletics program open to all girls, plaintiffs assert that the decision of Illinois' physical educators to conduct separate athletic contests for the sexes and to provide a different program for each sex is not rationally related to the overall educational objectives in sponsoring sporting events. With that proposition this court is not prepared to agree.

Since the instant inquiry probes only the *rationality* of separate programs for the sexes, this court takes judicial notice of the fact that at the pinnacle of all sporting contests, the Olympic games, the men's times in each event are consistently better than the women's. In the hearing on the motion for a preliminary injunction in this matter, it was shown that the times of the two boy swimmers sent to the state championship contest from Hinsdale were better than those ever recorded by either of the named plaintiffs. Moreover, plaintiffs' claim that the physical and psychological differences between male and female athletes are "unfounded assumptions" is refuted by expert testimony presented and received in a case which plaintiffs

themselves cite in their favor.[3] All of these facts lend substantial credence to the fears expressed by women coaches and athletes in defendants' affidavits that unrestricted athletic competition between the sexes would consistently lead to male domination of interscholastic sports and actually result in a decrease in female participation in such events. This court finds that such opinions have a rational basis in fact and are a constitutionally sufficient reason for prohibiting athletic interscholastic competition between boys and girls in Illinois.

Similarly, the uncontroverted existence of a bona fide athletic program for girls coupled with the physical and psychological differences noted above also support the rationality the IHSA's decision to conduct girls' interscholastic sports programs different from the boys'. Plaintiffs cite the affidavit of the Associate Secretary of the Committee on the Medical Aspects of Sport of the American Medical Association, who reported that a trial study of integrated athletic teams in New York revealed no harmful consequences on either the boys or girls and was indeed beneficial to the participants. This merely reinforces my opinion that judicial restraint is appropriate here, for the question of what is the best program for girls' sports is one upon which even the experts apparently disagree. Moreover, what is the best program is not properly an issue here, since this case presents only the question of what is a constitutionally permissible program.

Finally, plaintiffs cite sex discrimination cases [4] dealing with equal employment opportunity under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e (1970). These cases are simply inapposite because that statute represents a special legislative exception to the previously controlling rational relationship test that would otherwise apply. In enacting Title VII Congress has made the legislative judgment that employment is too important an interest to be protected solely by the equal protection clause of the Constitution. Thus, while the Michigan statute which denied bartending licenses to all women except the wives and daughters of male bar owners may have been constitutionally sound in Goesaert v. Cleary, *supra*, the result of that case has undoubtedly been altered by a specific legislative enactment based on a recognition of the importance of equal employment opportunity. But, the relative competitiveness of girls' interscholastic swimming contests has not similarly been accorded a legislative exception to the otherwise applicable equal protection standard of the fourteenth amendment. Neither the State of Illinois nor the federal Congress has enacted a statute applicable to high school sports that conceivably resembles Title VII's concern with equal employment opportunity. Until either legislature does so, the traditional equal protection standard will govern in this case. That standard requires this court to defer to the judgment of the physical educators of the IHSA once a rational relationship has been shown to exist between their actions and the goals of interscholastic athletic competition. Therefore, summary judgment will be entered in favor of all defendants.

3. As stated by the court in Brenden v. Independent School District 742, 342 F. Supp. 1224 (May 1, 1972):
"As testified to by defendants' expert witnesses, men are taller than women; stronger than women by reason of their greater muscle mass; have larger hearts than women and a deeper breathing capacity, enabling them to utilize oxygen more efficiently than women; run faster, based upon the construction of the pelvic area, which, when women reach puberty, widens, causing the femur to bend outward, rendering the female incapable of running as efficiently as a male."

4. Caterpillar Tractor Co. v. Grabiec, 317 F.Supp. 1304 (S.D.Ill.1970); Richards v. Griffith Rubber Mills, 300 F.Supp. 338 (D.Ore.1969); Rosenfeld v. So. Pac. Co., 293 F.Supp. 1219 (C.D.Cal.1968). See also Phillips v. Martin Marietta Corp., 400 U.S. 542, 91 S.Ct. 496, 27 L.Ed.2d 613 (1971).