Lawrence E. Gill, William H. Berger, Atlanta, Ga., for plaintiff.

Paul Talmadge, Atlanta, Ga., Kalvin M. Grove, Chicago, Ill., Robert A. Penny, Boston, Mass., for defendant.

**Austin K. LETSON, Plaintiff,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

**Civ. A. No. C79–113A.**

United States District Court, N. D. Georgia, Atlanta Division.

June 30, 1981.

### ORDER OF COURT

HORACE T. WARD, District Judge.

In an order dated August 18, 1980, this court certified the above-captioned matter as a class action. Based on the further development of the case since that time, the defendant has moved for the court to vacate its previous order and decertify the class. The court concludes that this must be done.

The plaintiff filed a superseding motion for summary judgment on December 15, 1980 which concedes that, although there are many similarities in the positions of the various putative class members, the facts pertaining to each individual's employment history will be determinative on the issue of liability. Individual liability determinations

must thus be made for each putative class member. This renders impractical the prosecution of this matter as a class action.

▮ Both parties concede that the controlling rule of substantive law is that set forth by the Supreme Court in *Alabama Power Company v. Davis*, 431 U.S. 581, 589, 97 S.Ct. 2002, 2007, 52 L.Ed.2d 595 (1977):

> If the benefit would have accrued, with reasonable certainty, had the veteran been continuously employed by the private employer, and if it is in the nature of a reward for length of service, it is a "perquisite of seniority." If, on the other hand, the veteran's right to the benefit at the time he entered the military was subject to a significant contingency, or if the benefit is in the nature of short-term compensation for services rendered, it is not an aspect of seniority within the coverage of Section 9 [of the Military Selective Service Act of 1967, now codified as 38 U.S.C. § 2021(b)(2), part of the Veterans Reemployment Rights Act].

The court would have no difficulty ruling that the class members' pension plan membership was a "significant contingency." The defendant argues that the fact that employees were required to sign up for the plan, and that some did not, constitutes a sufficiently significant possibility that the benefit was not one covered by the VRRA. The court has concluded, and it will address this in its treatment of Mr. Letson's individual motion for summary judgment, that as utilized by the Supreme Court the phrase "significant contingency" refers to a potential exercise of managerial discretion. *See Tilton v. Missouri Pacific Railway Company*, 376 U.S. 169, 180–81, 84 S.Ct. 595, 602, 11 L.Ed.2d 590 (1964).

▮ The difficult issue, and the one which must be individually determined so that this action may not proceed on behalf of a class, is whether the benefit of membership in defendant's pension plan would have accrued with "reasonable certainty" had the class members been continuously employed by Liberty Mutual rather than entering the service, so that such membership is a perquisite of seniority. The plaintiff admits in its superseding memorandum that the evaluation of whether accrual of the benefit was reasonably certain, despite statutory presumptions in their favor, turns on the intent of each employee as of the time he entered military service. If the employee intended to join the pension plan when eligible, the benefit may be said to have been reasonably certain to accrue. If his intention was otherwise, a greater uncertainty is present and the employee may have no right to proceed under the VRRA. Thus, an individual evaluation, at least of employees' intentions, is necessary, and the action may not proceed under Rule 23. If damages alone had to be determined individually, this matter could still proceed as a class action. *See, e. g., Roberson v. Great American Insurance Companies*, 48 F.R.D. 404 (N.D.Ga.1969). Had the action been divisible into subclasses and a small number of trials, a special master could have been appointed to dispose of the damage claims. *Brennan v. Midwestern United Life Insurance Company*, 286 F.Supp. 702 (N.D.Ind. 1968), *aff'd*, 417 F.2d 147 (7th Cir. 1969), *cert. denied*, 397 U.S. 989, 90 S.Ct. 1122, 25 L.Ed.2d 397 (1970). When, however, the actual decision as to whether a class member can recover must be individually made, this is not feasible. While at the time this matter was initially certified for class action treatment it appeared that it was a case ideally suited for the provisions of Rule 23, the subsequent development of the case—and plaintiff's admission that the determination of employee intentions must be individually made—shows that the class should be decertified. The defendant's motion to decertify the class is accordingly GRANTED. The remaining pending motions which pertain to the initial, individual action brought by Austin K. Letson will be addressed in a forthcoming order.