Dante **VIGNAROLI**, Mike Moley, Fred O'Dell, Ike Brown, and Dennis J. Moore, on behalf of themselves and all others similarly situated, Appellees,

v.

**BLUE CROSS OF IOWA**, Blue Shield of Iowa, and Electronic Data Systems Federal Corporation, Appellants.

No. 83-1445.

Supreme Court of Iowa.

Jan. 16, 1985.

C. Carleton Frederici and Deborah Tharnish Craig of Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, for appellant Electronic Data Systems Federal Corp.

Robert L. Fanter and Jaki K. Samuelson of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellants Blue Cross of Iowa and Blue Shield of Iowa.

Kenneth L. Butters and David Shinkle, Des Moines, for appellees.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

LARSON, Justice.

These defendants appeal from an order by the trial court certifying this litigation as a class action and authorizing named plaintiffs to represent a class of former employees of the defendants. *See* Iowa R.Civ.P. 42.2. Plaintiffs are former data processing employees of Blue Cross and Blue Shield (BC/BS). This litigation arose out of the plaintiffs' forced transition from employment with BC/BS to Electronic Data Systems Federal Corporation (EDSF). We conclude the court properly certified the case as a class action and therefore affirm.

In the underlying suit, the plaintiffs contend they should have received severance pay on their dismissal from BC/BS and that they should be compensated for alleged diminution of employment benefits as a result of the transition. The named plaintiffs sought permission to maintain this litigation as a class action on behalf of approximately 140 former BC/BS employees affected by the transition to EDSF employment. A class action may be maintained only if the trial court certifies it as proper for class action treatment. Iowa R.Civ.P. 42.2(a). That certification order was entered here. Following certification, and prior to any hearing on the merits, defendants appealed. (Appeal of a certification order, although interlocutory, is authorized by rule 42.4(c)).

The defendants set forth several grounds for reversal. First, they contend the trial court erred in finding that a class action was appropriate under the criteria set out in rule 42.3. Specifically, they contend the trial court erred in finding that common questions of law or fact predominate over questions affecting only individuals of the class, as required by the rules, and in finding that named plaintiffs will fairly and adequately protect the interests of the entire class. Additionally, the defendants claim the plaintiffs have abused the class action process by soliciting potential class members, by soliciting funds from the class members, and by misrepresenting the status, purpose and effect of the litigation.

Our rules governing class actions, Iowa Rules of Civil Procedure 42.1–.20, were revised substantially when original rule 42 was stricken and new rules, based upon the Uniform Class Action Rules promulgated by the National Conference of Commissioners on Uniform State Laws, were adopted. *See* 1980 Iowa Acts ch. 1207.

This court has not yet interpreted its Uniform Class Action Rule; our analysis of the propriety of the trial court's certification must rely heavily on the rules themselves as well as federal authorities construing similar provisions of Federal Rule of Civil Procedure 23.

■ Initially, we note that our review of the trial court's granting of class certification is limited, and we will reverse an order granting or denying certification only if the district court's decision was based upon an abuse of discretion. *See Simer v. Rios,*

661 F.2d 655, 668 (7th Cir.1981); *Patterson v. General Motors Corp.*, 631 F.2d 476, 480 (7th Cir.1980), *cert. denied*, 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981); *Adashunas v. Negley*, 626 F.2d 600, 605 (7th Cir.1980); *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir.1977); *Morris v. McCaddin*, 553 F.2d 866, 870 (4th Cir.1977); *Brick v. CPC International, Inc.*, 547 F.2d 185, 187 (2nd Cir.1976); 7 C. Wright & A. Miller, *Federal Practice and Procedure* § 1765, at 623 (1972). This discretion has been characterized as "broad." 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1785, at 134. *See also* Note, *Iowa Uniform Class Actions Rule: Intended Effects and Probable Results*, 66 Iowa L.Rev. 1241, 1256 (1981).

█ The burden of establishing that a purported class of plaintiffs meets the prerequisites is, of course, on the plaintiffs. *See Bishop v. Committee on Professional Ethics and Conduct of the Iowa State Bar Association*, 686 F.2d 1278, 1288 (8th Cir. 1982); *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir.1976).

█ Iowa's Uniform Class Action Rule permits the commencement of a class action where there is a common question of law or fact to class persons so numerous that joinder of all persons is impracticable. Iowa R.Civ.P. 42.1. A class action should be certified if it provides a fair and efficient adjudication of the controversy, provided further that the representative parties will fairly and adequately protect the interests of the class.

█ Several criteria to be considered are listed in rule 42.3, a lengthy rule which will not be set out in full. Basically, the criteria to be considered have two broad considerations: achieving judicial economy by encouraging class litigation while preserving, as much as possible, the rights of litigants—both those presently in court and those who are only potential litigants. No weight is required by the rule to be assigned by the trial court to any criteria listed, further evidencing an intent to grant considerable discretion to the trial court.

Rule 42.4(b) requires that the order certifying or refusing to certify a class action must state the reasons for the court's ruling and its findings of fact with regard to the criteria of rule 42.3(a). The district court's ruling in this case reflects its consideration of those criteria. The ruling makes specific references and findings with regard to the required criteria. The only question remaining for us is whether the trial court abused its discretion in making the favorable findings with regard to the class action certification.

I. *Predominance of Common Questions of Law and Fact.*

Defendants first argue that the plaintiffs have failed to establish one of the criteria of the rules, that "common questions of law or fact predominate over any question affecting only individual members." *See* Iowa R.Civ.P. 42.3(a)(5).

█ Inherent in our inquiry into the predomination issue is the recognition of the class action device is appropriate only where class members have common complaints that can be presented by designated representatives in the unified proceeding. The question as to whether common issues of fact or law predominate over those affecting only individuals is a fairly complex one. The defendants, in attacking the class action certification, point to the alleged oral contracts relied upon by the plaintiffs and claim that oral contracts, by their very nature, are unsuitable for class action treatment because they are not necessarily the same in each case.

█ We recognize and appreciate the difficulty involved in trying a class action suit based on individual, oral representations. *See Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 482 F.2d 880, 882 (5th Cir.1973); *Miller v. Central Chincilla Group, Inc.*, 66 F.R.D. 411, 415 (S.D.Iowa 1975); *Ingenito v. Bermec, Corp.*, 376 F.Supp. 1154, 1166–67 (S.D.N.Y.1974). As we read the plaintiffs' petition, however, they merely refer in passing to the oral contracts. The gist of their claim is that the defendants' employment manual sets

out a specific severance pay schedule with which defendants failed to comply. To the extent that all employees relied on the terms of the written provisions of that manual, their claims focus on common questions of whether the terms of the employment manual were violated.

Defendants also argue that the severance pay policy had been revised and that the plaintiffs ignore the fact that, even under the provisions of the employment manual as it stood, they could not collect.

■■■■ Certification of a class action, however, does not depend on a determination of whether the plaintiffs will ultimately prevail on the merits but whether or not the requirements of the rule governing class actions are met. As the Supreme Court has stated:

> We find nothing in either the language or history of rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732, 748 (1974). We believe the questions raised in this regard go to the merits of plaintiffs' claim and therefore do not have a direct bearing on the question of certification.

■■■■ The defendants also argue that the individual nature of the plaintiffs' damage claims make it difficult to process the case as a class action. They claim that "the amount of severance pay that [plaintiffs] claim each individual is entitled to receive would vary with that individual's length of service with Blue Cross, with the rate of pay." They also contend that the length of time each employee had been employed after leaving EDSF and whether they received any severance pay, would require each plaintiff's claim to be treated differently. In this regard, it appears that the damage figure may be easily calculated as to each plaintiff by considering only the length of employment and the rate of pay of each member. In any event, the fact that a potential class action involves individual damage questions does not preclude class action certification when issues of liability are common to the class. *See* 1 Newburg on Class Actions, § 1155A, at 263–64 (1977). *See also Letson v. Liberty Mutual Insurance Co.*, 90 F.R.D. 642 (N.D.Ga.1981) ("If damages alone had to be determined individually, this matter could still proceed as a class action.").

The plaintiffs have presented other theories of liability including (1) that the defendants are liable to the plaintiffs as third-party beneficiaries of the agreement between the defendants BC/BS and EDSF concerning the transfer of employment. They also contend that the defendants stand to be unjustly enriched if liability is not imposed in this case and that, under the Iowa Wage Payment Collection Law, Iowa Code chapter 91A, the defendants are liable to the members of the class.

■■■■ It is not necessary that the individual claims be carbon copies of each other. One authority has observed that

> courts have held that [a class] action can be brought ... even though there is not a complete identity of facts relating to all class members, as long as a "common nucleus of operative facts" is present....
>
> The common questions need not be dispositive of the entire action. In other words, "predominate" should not be automatically equated with "determinative" or "significant." Therefore, when one or more of the central issues in the action are common to the class and can be said to predominate, the [class] action will be considered proper....

7A Wright & Miller, *supra* § 1778, at 53–54. Despite the variations in the individual claims, the theories presented include common issues of fact and law which encourage the use of a class action procedure. The district court did not abuse its discretion in so holding.

II. *Representative Parties—Do They Fairly and Adequately Protect the Class Interests?*

In a class action, the interests of a number of persons not present before the court are conclusively determined on the strength of the case made by the representative parties. Therefore, it is imperative that the named parties demonstrate the ability to protect the interests of the class by establishing that:

> (2) the representative parties do not have a conflict of interest in the maintenance of the class action; and

> (3) the representative parties have or can acquire adequate financial resources, considering R.C.P. 42.17, to assure that the interests of the class will not be harmed.

Iowa R.Civ.P. 42.3(b). In addition, the purported representatives must establish that they are in fact members of the purported class. In this case, the defendants claim that the plaintiffs have failed to establish these required criteria.

■■ A. *Class Membership and Conflicts of Interest.* Under the federal rules, a class representative must be a member of the class sought to be represented. At least one commentator has suggested that this prerequisite is central to the concept of due process for absent class members. 1 Newburg on Class Actions § 1120, Note .01, at 195. It is also said to be inherent in the real party in interest requirement. *See* 7 Wright & Miller, *supra* § 1761, at 584–85. We conclude that, while class membership is not expressly required by the Iowa Class Actions Rule, it is implicit in them. *See*, Note, *The Iowa Uniform Class Actions Rule: Intended Effect and Probable Results*, 66 Iowa L.Rev. at 1258–59. Prior to adoption of our present rules, membership in the class was a requirement. *See Lucas v. Pioneer, Inc.*, 256 N.W.2d 167 (Iowa 1977) (refused to allow named plaintiffs to assert claims against defendants from whom plaintiffs had not purchased seed).

Defendants assert that one of the named plaintiffs, Mike Moley, is not a member of the class he seeks to represent because he did not make the transition from BC/BS to EDSF, but, in fact, obtained new and independent employment. Furthermore, Moley, according to defendants, had been dissatisfied with his employment at BC/BS long before the forced transition. On this basis, they claim that Moley's injuries and interests are not coextensive with those of the class members, and he should, therefore, be dismissed as a named plaintiff.

Defendants also claim that a number of conflicts of interest exist between other named plaintiffs and the remaining class members. They claim that there is an obvious split between the 101 employees who have subsequently left employment with EDSF, and the 38 who remain. In addition, defendants contend that a conflict exists because of the possibility that some of the employees who have been transferred may have no complaint with either of the defendants but have willingly accepted employment with EDSF in lieu of severance pay. Further, the defendants claim that the overzealousness of some of the named plaintiffs, coupled with their involuntary termination from EDSF, preclude them from being adequate representatives of the majority of the class.

This argument misses the crux of the plaintiffs' case. The cause of action presented here focuses on the forced transition of the BC/BS employees to employment with the subsequent employer. All of the class members were dismissed and simultaneously offered positions with EDSF. In this underlying event lies the crux of plaintiffs' claims against defendants.

■■ Not every disagreement between a representative and other class members will stand in the way of a class action suit. *See* 1 Newburg on Class Actions § 1120F, at 203. The conflict must be fundamental, going to the specific issues and controversies. *Id.* The issues in this case, *i.e.*, the alleged violation of the employment manual; the third-party beneficiary claims; the unjust enrichment claims; and the claimed violation of the Wage Collection Act, focus on the dismissal and failure to pay severance benefits. The plaintiffs have no con-

flict with each other with regard to those issues. As one court has noted,

> not every difference in view creates the antagonism which will defeat the bringing of a class action for the antagonism must relate to the subject matter of the suit.
>
> The fact that some members of an alleged class do not favor the bringing of a lawsuit, or may feel that the representative party may have ulterior motives for bringing the suit, will not defeat the bringing of a class action.

*Jacobi v. Bache & Co.,* 16 Fed.R.Serv.2d 71, 73 (S.D.N.Y.1972) (citing *First American Corp. v. Foster,* 51 F.R.D. 248, 250 (N.D.Ga.1970); *accord Mersay v. First Republic Corp. of America,* 43 F.R.D. 465, 468 (S.D.N.Y.1968).

■ We do not find that these plaintiffs have conflicts which render them inadequate representatives of the class members.

B. *Lack of Adequate Financial Resources.* Iowa Rule of Civil Procedure 42.-3(b)(3) requires as a prerequisite to certification as a class action that:

> [T]he representative parties have or can acquire adequate financial resources, considering R.C.P. 42.17, to assure that the interests of the class will not be harmed.

■ We have examined the record with regard to the ability of the representative parties to adequately finance the prosecution of this suit, and, while it might constitute a financial strain on some, even requiring encumbering the homes of some, we cannot conclude that the potential lack of adequate financing for a proper prosecution of this case would present a problem sufficient to deny certification.

We do not believe the trial court abused its discretion in making a similar finding.

III. *Alleged Abuse of Class Action Process.*

Finally, the defendants argue that the plaintiffs have abused the class action process by soliciting potential class members to participate in the litigation, by soliciting funds from those class members, and by misrepresenting the status, purpose and effect of the litigation.

The record reflects that two letters of solicitation were sent before the action was certified by the trial court. Iowa Rule of Civil Procedure 42.7 provides for notice, but only after certification.

The matter of communication between class representatives and potential members of the class prior to the filing of the suit is discussed in 2 Newburg on Class Actions § 2715, at 1176:

> Before commencing a class action, a potential class representative may properly solicit additional class representatives to join in the filing of the class complaint....
>
> A class representative may also wish to communicate with other potential members of the class for prelitigation discovery purposes, or to seek contributions for the expenses inherent in class litigation. Effective citizen advocacy requires organization, preparation, and financial support, at least to the extent of assuming ultimate responsibility for out-of-pocket litigation expenses and costs.

■ We have examined the letters in question and conclude that they are not proscribed by any of our class action rules, and the district court did not abuse its discretion in rejecting this argument.

We find no basis for reversal.

AFFIRMED.