**IOWA ANNUAL CONFERENCE OF the UNITED METHODIST CHURCH, Appellant,**

v.

**Robert BRINGLE, Phil Hall, James Durlacher, and John Harmelink, Individually and as Representatives of a Class Composed of All Persons Owning Lots in the Plat of the Methodist Campground, Appellees.**

No. 86–119.

Supreme Court of Iowa.

July 22, 1987.

Robert B. Throckmorton, John R. Macka-
man, and Bruce J. Toenjes of Dickinson,
Throckmorton, Parker, Mannheimer &
Raife, Des Moines, for appellant.

Patrick M. Carr of Zenor & Carr, Spencer, for appellee Bringle.

Stephen F. Avery of Cornwall, Avery, Bjornstad & Scott, Spencer, for appellees Hall and Harmelink.

James Durlacher, Primghar, pro se.

Considered by McGIVERIN, P.J., and SCHULTZ, CARTER, WOLLE, and NEUMAN, JJ.

SCHULTZ, Justice.

This is an appeal from a ruling in which the trial court refused to certify a defendant class action under Iowa Rule of Civil Procedure 42.2. Although we disagree with one statement made by the trial court making this determination, we do not believe the ruling was an abuse of the trial court's discretion. We therefore affirm.

The plaintiff, Iowa Annual Conference of the United Methodist Church (Conference), and approximately 140 individuals own real property in Dickinson County, in the area that is commonly known as the Methodist Campground. While the record is obscure the Conference now argues that it maintains, in addition to its own buildings, the streets, public areas, sewer and water service, and other similar areas and services. For the services, the Conference assesses each individual property owner a fee, and also establishes regulations for the use of the land. The Conference further asserts that this arrangement has been in effect since the 1920s and has continued without difficulty until recent years, when the named defendants and a few others have refused to pay the assessments and comply with the rules.

The Conference brought an action in equity, seeking a declaratory judgment that all property within the campground is "burdened with servitudes in favor of the whole thereof," including the duty to pay assessed fees and comply with the rules and regulations of the Conference. The Conference also requested certification as a class action, with the four named defendants as representatives of the class. Defendants moved to dismiss on the grounds that they could not fairly and adequately represent the class.

After a hearing, the trial court observed that except for the common question whether the conference had a legal right to charge assessments, the cause of action was basically one "for collection of money." The court concluded that each owner's agreement with the Conference was "unique for the purposes of inferring by legal construction an affirmative covenant," and that a class action was thus inappropriate. Finally, the court concluded that the named defendants would not fairly and adequately protect the interests of the class. The Court in its ruling refused to certify a class action. The Conference appeals from this ruling and these conclusions.

■ Our review of the trial court's ruling is limited; we reverse only if trial court's decision constitutes an abuse of discretion. *Vignaroli v. Blue Cross*, 360 N.W.2d 741, 743 (Iowa 1985). Because this court has had but little opportunity to interpret the Uniform Class Action Rule, we look to federal authorities construing similar provisions of Federal Rule of Civil Procedure 23 for guidance. *Id.* We consider first the type of action brought by the Conference, then whether a common question exists, and whether the named defendants are proper representatives of the class.

I. Defendants assert that the petition is ambiguous, and that the trial court was thus justified in stating that the action was one for the collection of money. The petition on its face asks only for a declaratory judgment that the property is "burdened with" various "servitudes," which include "a duty to pay such levies and charges as may be determined," and that the Conference is entitled to assert liens against the property in connection with those servitudes. Equitable or declaratory relief may be awarded in a class action, as may monetary or other relief. Iowa R.Civ.P. 42.15(a). Although the trial court may have correctly perceived the ultimate goal of this litigation, we do not agree that this is an action for collection of money. The trial court's

ruling, when read as a whole, is grounded on the propositions that plaintiff did not show the defendants shared common questions of liability and the named defendants could represent the class adequately. The trial court's reference to the nature of the action is a harmless mistatement. It is not a ground for a reversal.

II. Iowa Rule of Civil Procedure 42.1 through 42.20, the Uniform Class Actions Rule, clearly contemplate the use of the class action tool by a plaintiff in bringing a suit against a class of defendants. *See* Iowa R.Civ.P. 42.1 ("Members of a class may sue or be sued...."). The rule does not differentiate between plaintiff classes and defendant classes insofar as the requirements for certification. *See* Iowa R.Civ.P. 42.1.–3; *see also Lynch Corp. v. MII Liquidating Co.*, 82 F.R.D. 478, 480 (D.S.D.1979) ("Sue or be sued" language in federal rule indicates defendant class action permitted; same requirements apply.).

Under the Iowa rule the court may certify a class action if four requirements are met: (1) the class is so numerous or so constituted that joinder is impracticable; (2) a common question of law or fact exists; (3) the action should be certified as a class action for "fair and efficient adjudication of the controversy"; and (4) the representative parties will protect the interests of the class fairly and adequately. Iowa R.Civ.P. 42.1–.2(b). The trial court discussed requirement two, concerning common questions, and requirement four, representing the class fairly and adequately. We examine these in turn.

At first glance, a common question does appear to predominate. The Conference asserts the existence of servitudes, burdening the property owned by all members of the class, in favor of the whole. Thus the question of liability for payment of fees and compliance with regulations seems to be common to all class members. In refusing to certify, however, the trial court considered the nature of the servitudes claimed, finding that they were implied covenants, for which some basis in the express contract of the parties must be shown.

Thus, each individual deed would have to be examined, as well as any other agreement between grantor and grantee and the attendant circumstances.

Although generally a court, in deciding whether to certify a class action, is not to inquire into the merits of the case, a court may require sufficient information with which to form a reasonable judgment. *In re Unioil Securities Litigation*, 107 F.R.D. 615, 618 (C.D.Cal.1985). In this case, it was appropriate—even necessary—for the trial court to consider the nature of the claim asserted in ruling on the request for certification. Although the record leaves the matter in doubt, the Conference concedes that the respective deeds contain no express reference to covenants running with the land which provide a basis for the claimed servitudes. The trial court correctly stated that each individual agreement would have to be considered separately in order to establish implied covenants. *See Thodos v. Shirk*, 248 Iowa 172, 180, 79 N.W.2d 733, 738 (1956) (must ascertain intent of parties from language of instrument or from circumstances surrounding conveyance). Additionally, such covenants are effective only on subsequent grantees having notices. *See Amana Soc'y v. Colony Inn, Inc.*, 315 N.W.2d 101, 117 (Iowa 1982). This case presents not one common question of liability, but many questions concerning notice to titleholders and the intents of the parties to numerous conveyances.

III. As to the question whether the named defendants will represent the class fairly and adequately, rule 42.3(b) lists three findings that *must* be made by the court in answering the question affirmatively: (1) the attorney for the named parties will adequately represent and protect the interests of the class; (2) the named parties do not have a conflict of interest in the maintenance of the class action; and (3) the named parties have or can acquire sufficient financial resources to assure that the interests of the class will not be harmed. The trial court here found that possible conflicts of interest exist and that one named defendant lacked sufficient fi-

nancial resources. Because of our holding regarding conflicts of interest, we need not reach the issue of financial resources.

■ The trial court held that conflicts could exist due to the nature of the servitudes claimed by the Conference, the fact that various property owners might have different defenses depending upon their individual agreements with the grantor, and the fact that many members of the class do not wish to challenge the right of the Conference to charge fees and establish regulations. The Conference has presented no evidence, either by affidavit or at the hearing, to establish that no conflict in fact exists. Thus, the Conference has failed to sustain its burden of proof to establish that all requirements for certification of the class action have been met. *See Vignaroli v. Blue Cross,* 360 N.W.2d 741, 743 (Iowa 1985); *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 424 (E.D. Pa.1981); Iowa R.App.P. 14(f)(5). The trial court did not abuse its discretion in refusing to certify the class action.

In summary, although we disagree with the trial court's statement that this was an action for collection of money, the statement was harmless. We agree with the trial court's conclusions that no common question exists and that a conflict of interest exists between members of the proposed class of defendants. Therefore, we find no abuse of discretion in the trial court's refusal to certify this action as a class action.

AFFIRMED.