Jeffrey H. **VARNER**, Appellant,

v.

**SCHWAN'S SALES ENTERPRISES, INC.**, Appellee.

No. 87–1318.

Supreme Court of Iowa.

Dec. 21, 1988.

Rehearing Denied Jan. 23, 1989.

John W. Hofmeyer III, Oelwein, for appellant.

James R. Swanger and John D. Hunter of Brown, Winick, Graves, Donnelly, Baskerville & Schoenebaum, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO and SNELL, JJ.

LARSON, Judge.

Plaintiff, Jeffrey H. Varner, appeals from the district court's denial of class certification. Varner, a retail route salesman for defendant, Schwan's Sales Enterprises, Inc., was required to sign, as were all Schwan's salesmen, a contract with a provision allowing Schwan's to withhold his wages to cover any bad checks written by his customers. Varner quit when Schwan's withheld his entire paycheck for customer defaults. He then brought suit against Schwan's, alleging a violation of Iowa Code section 91A.5(2)(c) (1987) which forbids employers to deduct losses for default of customer credit unless the losses are attributable to an employee's willful or intentional disregard for an employer's interests.

Varner subsequently sought to certify the action as a class action, and the district court denied certification. On appeal, Varner asserts that the trial court should be reversed for overruling his application by finding: (1) no careful class definition, (2) no showing that the class was so numerous that joinder of all members was impractical, (3) that the case involved addressing mixed questions of fact and law in order to establish liability for individual class members, and (4) insufficient resources.

Class certification actions are brought under Iowa Rules of Civil Procedure 42.1–44, which require that a class may be certified when: (1) the class is so numerous or so constituted that joinder is impractical, (2) a common question of law or fact exists, (3) "the fair and efficient adjudication of the controversy" requires certification, and (4) the representative parties will protect the interests of the class fairly and adequately. Iowa R.Civ.P. 42.1–.2(b). Rule 42.3 lists certain criteria a court may consider in determining whether to certify.

██ The burden is on the plaintiff in a class certification proceeding to meet the requirements of the Iowa Rules of Civil Procedure concerning certification of class actions. *Vignaroli v. Blue Cross of Iowa,* 360 N.W.2d 741, 744 (Iowa 1985). The trial court is vested with considerable discretion in assessing what weight, if any, is to be accorded class certification criteria, *id.,* and we will reverse an order granting or denying certification only if we find the trial court's decision was based upon an abuse of discretion. *Iowa Annual Conference of United Methodist Church v. Bringle,* 409 N.W.2d 471, 473 (Iowa 1987). Such an abuse of discretion will be found only where the trial court's grounds were clearly unreasonable. *Rowen v. LeMars Mut. Ins. Co. of Iowa,* 357 N.W.2d 579, 583 (Iowa 1984).

██ In the present case, it was not unreasonable to find that Varner did not meet his burden. It appears from the record that Varner's one attempt at procuring information from Schwan's during discovery was successfully resisted and that he did not seek to compel production. The record also reflects that Varner's evidence in support of certification consisted primarily of

his own testimony. Under these circumstances, we do not find the trial court abused its discretion in denying certification.

AFFIRMED.