# IN THE COURT OF APPEALS OF IOWA

No. 15-0723
Filed June 29, 2016

**CARLA M. LIMMER, as Trustee of the Carla M. Limmer Trust,**
Plaintiff-Appellant,

**vs.**

**CITY OF COUNCIL BLUFFS, IOWA,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, James M. Richardson, Judge.

The plaintiff appeals from the district court's denial of a class action certification. **REVERSED AND REMANDED.**

Anne M. Breitkreutz and Joshua W. Weir of Dornan, Lustgarten & Troia, P.C., L.L.O., Omaha, Nebraska, for appellant.

David J. McCann, Council Bluffs, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Carla Limmer, as trustee of the Carla M. Limmer Trust, appeals from the district court's denial of a class action certification. Limmer maintains the district court abused its discretion when it denied her application because the rules of certification have been met, the class action would be a fair and efficient way to adjudicate the controversy, and she would fairly and adequately protect the interests of the class.

## I. Background Facts and Proceedings

In January 2015, Limmer filed a complaint for declaratory order, judgment, and injunctive relief, in which she challenged a property registration fee imposed by the defendant, the City of Council Bluffs. The fee in question was part of a rental registration program[1] that charged owners of residential real estate fifteen dollars per rental unit. Limmer sought a declaration that the fee exceeded the reasonable cost to administer the registration program and thus unconstitutionally acted as a tax on real estate owners, an injunction from enforcing the registration fee, and an award of monetary damages for payments made by her as registration fees that exceeded the reasonable cost to administer the registration program.

Limmer filed an application to certify the action as a class action. She maintained all residential property owners within Council Bluffs were potential

---

[1] Cities with a population of 15,000 or more are required by statute to establish a uniform housing code, "which shall include a program for regular rental inspections, rental inspections upon receipt of complaints, and certification of inspected rental housing, . . . ." Iowa Code § 364.17(3)(a) (2015).

class members, with more than 2600 residential property owners owning approximately 9200 residential rental units.

The City resisted the application, asserting there was no useful purpose to certify the class because the relief sought by Limmer would benefit all members of the proposed class whether or not it was certified.

Following an unreported hearing on the matter, the court filed an order denying Limmer's application. The court agreed with the City, ruling the certification would serve "no useful purpose" in determining whether the regulation was unconstitutional. Additionally, the court reasoned that if it was found to be unconstitutional, the proposed class members would have suffered different amounts of damages, which would require independent calculation. As such, a class action was "not the most appropriate means of adjudicating the claims and defenses."

Limmer appeals.

**II. Standard of Review**

"Our review of the district court's ruling granting or denying certification of a class is limited because the district court enjoys broad discretion in the certification of class action lawsuits." *Vos v. Farm Bureau Life Ins. Co.*, 667 N.W.2d 36, 44 (Iowa 2003). We will reverse only if we find the court's decision was based on an abuse of discretion. *Id.*

**III. Discussion**

"Iowa Rule of Civil Procedure 1.261 permits the commencement of a class action if there is a question of law or fact common to a class of persons so

numerous that joinder of all persons is impracticable." *Id.* at 44–45. The district court may certify an action as a class action if it finds:

> a. The requirements of rule 1.261 [numerosity and commonality] have been satisfied.
> b. A class action should be permitted for the fair and efficient adjudication of the controversy.
> c. The representative parties fairly and adequately will protect the interests of the class.

Iowa R. Civ. P. 1.262(2).

The plaintiff has the burden of establishing that a purported class of plaintiffs meets the prerequisites. *Vos*, 667 N.W.2d at 45. A failure of proof on any one of the prerequisites is fatal to class certification. *Id.* That being said, "[o]ur class-action rules are remedial in natural and should be liberally construed to favor the maintenance of class actions." *Comes v. Microsoft Corp.*, 696 N.W.2d 318, 320 (Iowa 2005).

In its written ruling, the court did not lay out the criterion provided above nor list any findings that supported certifying the class. Assuming its reasons for not certifying the class are completely set out in the order, the court did not deny certification due to the lack of numerosity and commonality, *see* Iowa R. Civ. P. 1.261, or because Limmer would not fairly and adequately protect the interests of the class, *see* Iowa R. Civ. P. 1.262(2)(c). Rather, the court found Limmer failed to satisfy her burden to prove that "[a] class action should be permitted for the fair and efficient adjudication of the controversy." *See* Iowa R. Civ. P. 1.262(2)(b).

Iowa Rule of Civil Procedure 1.263(1) provides thirteen non-exclusive factors for the court to consider "[i]n determining whether the class should be permitted for the fair and efficient adjudication of the controversy." Iowa R. Civ.

P. 1.263(1)(a)-(m). Here, the district court explicitly considered whether other means of adjudicating the claim was inefficient or impracticable and whether a class action was the appropriate means for adjudicating the claim. *See* Iowa R. Civ. P. 1.263(1)(f), (g); *see also Comes*, 696 N.W.2d at 321 (Iowa 2005) (stating courts are not required to make written findings as to each of the factors). Although the district court concluded a class action was not necessary for the fair and efficient adjudication of the claim, we disagree.

The court found that certification was not appropriate because if Limmer was successful in her claim, the court's injunctive and declaratory ruling would apply to all potential class members even though it was not a class action. The court also indicated "other harmed parties could join the case, or they could wait and bring suit against" the City. In her application for certification, Limmer identified more than 2600 residential property owners as potential class members. Our case law establishes that a "class with forty or more members is within the range where impracticality is presumed." *Legg v. West Bank*, 873 N.W.2d 756, 759 (Iowa 2016). Joinder is not practical and allowing each individual to bring their own claim would "easily overwhelm the legal department of the City and the resources of the district court." *See Kragnes v. City of Des Moines*, 810 N.W.2d 492, 503 (Iowa 2012).

Limmer estimates her individual damages to be $1425; we believe we may reasonably anticipate that her legal fees for pursuing the action outpace her possible individual recovery. Where the cost of litigation is large in comparison to the damages recoverable by each individual, certifying a class action makes it more likely the action will be fully litigated. *See Comes*, 696 N.W.2d at 320

(stating class actions are "an effective procedure for those whose economic position is such that it is unrealistic to expect them to seek to vindicate their rights in separate lawsuits" (citation omitted)).  As the Supreme Court stated:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.  A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)).  Similarly, in *Kragnes*, the Iowa Supreme Court was asked whether a class action was properly certified where the City of Des Moines had charged residents a franchise fee for gas and electricity services in excess of the cost of the administrative expenses.  810 N.W.2d at 515.  The court found that it was, noting the resolution of the claim had required protracted litigation while the individual's "claim standing alone would likely fall within the jurisdictional limit of the small claims court."  *Id.* at 503.  The court continued:

> We think this case demonstrates the very necessity and importance of class action litigation both for the plaintiffs and for the City.  The likelihood of a plaintiff bringing such a complex suit requiring substantial resources to litigate in small claims is highly unlikely.  And if she, and scores of thousands of others like her, did bring their claims individually, it could easily overwhelm the legal department of the City and the resources of the Polk County district court, and would likely result in inconsistent adjudications.

*Id.*

Lastly, the district court noted that the possible damages for each of the proposed class members would have to be independently calculated.  Our supreme court has rejected the notion that the mere fact that there may be

damage issues unique to different class members precludes class certification. *See, e.g.*, *Legg*, 873 N.W.2d at 760; *Vignaroli v. Blue Cross of Iowa*, 360 N.W.2d 741, 745 (Iowa 1985).

After considering the remedial nature of our class rules and the fact that we are to "liberally construe" the rules in favor of the maintenance of class actions, we conclude certification of the class allows for the efficient resolution of the common question involving many potential members. As such, the district court abused its discretion in denying Limmer's application for class certification, and we remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**